IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

MICHAEL B. GIBBONS,                         Civil No. 05-6285-HO

                Plaintiff,          ORDER

        v.

Commissioner of Social Security,

                         Defendant.

    Plaintiff seeks judicial review of the decision of the Commissioner finding him entitled to a closed period of disability. For the reasons that follow, the decision of the Commissioner is reversed and this matter is remanded to the Commissioner for further proceedings.

## Discussion

    The administrative law judge (ALJ) did not address Dr. Dodson's assessment of physical capacities precluding sedentary work. (Tr. 252, 430). While Dr. Dodson rendered his opinion during the closed period of disability determined by the ALJ, the

failure to address the opinion is not necessarily harmless, as the Commissioner maintains.  The ALJ found plaintiff capable of sedentary work prior to his surgery, and found him disabled during the closed period based on application of a Medical-Vocational Guideline applicable at age 50.  (Tr. 20).  Dr. Dodson did not limit his opinion to the closed period of disability. Dr. Dodson's opinion is consistent with plaintiff's allegation and Dr. Hill's opinion that plaintiff has been disabled since leaving work prior to the closed period of disability. (Tr. 264, 294, 311).

As for Dr. Hill's opinion, the ALJ noted that Dr. Hill had no knowledge of plaintiff prior to February 2003, Dr. Hill asserts disability while the plaintiff continued to work, and the determination of disability is reserved to the Commissioner.  The last reason is not a valid reason to reject a medical opinion. As his reports establish, Dr. Hill acquired a foundation for his opinions by examining plaintiff and reviewing plaintiff's medical records.  In his February 11, 2003 report, Dr. Hill apparently believed plaintiff last worked in 2000.  (Tr. 311).  The follow up report of April 30, 2003 indicates Dr. Hill's impression, consistent with plaintiff's alleged onset date and work history report, that plaintiff last worked in March 2001.  (Tr. 124, 294).  Why Dr. Hill may have initially believed plaintiff last worked in 2000 is unknown.  The discrepancy and other reasons

cited by the ALJ are insufficient to reject Dr. Hill's opinion that plaintiff was disabled since March 2001, however.  The ALJ found plaintiff's allegations to be generally credible, and that plaintiff has not engaged in substantial gainful activity since his alleged onset date of March 16, 2001.  (Tr. 17, 20, 22).[1]

The ALJ also failed to address Dr. Beals's January 12, 2004 opinion that surgery is indicated to relieve a symptomatic intraosseous lipoma of the calcaneus that would interfere with plaintiff's ability to be on his feet for any length of time.  (Tr. 335).

The fore-mentioned medical opinions do not appear to be contradicted.  In any event, the ALJ's reasons or lack of reasons for rejecting the opinions do not meet the standards for rejecting contradicted and uncontradicted opinions of treating and examining physicians set forth in Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996).

Although she found plaintiff's allegations generally credible, the ALJ did not address the allegations in plaintiff's

---

[1] The Commissioner argues that the ALJ also referenced a chart note for May 24, 2001, suggesting that plaintiff reported putting in a "day of hard work," after the alleged onset date. Def's Brief at 9; (Tr. 18); (Tr. 358) ("Notes that after a day of hard work, he goes home and the body 'throbs' . . .").  Of course another possibility is that plaintiff was referring to work performed approximately two months earlier, prior to his alleged onset date.  The ALJ expressly declined to investigate the discrepancy.  (Tr. 18).  The Commissioner may not support its decision with reasons not cited by the ALJ.

3 - ORDER

pain questionnaire, dated April 30, 2002, that plaintiff can sit comfortably for only fifteen or twenty minutes before he needs to elevate his feet.

Substantial evidence supports the ALJ's finding that plaintiff's condition related to his ability to work improved on April 30, 2003, from back surgery. As noted, the ALJ failed to address Dr. Beals's opinion, which is relevant to this determination. This case must be remanded to the ALJ. While there remains an outstanding issue with respect to plaintiff's ability to work after April 30, 2003, there are no outstanding issues with respect to the period from March 16, 2001, through April 30, 2003. If the improperly rejected evidence is credited as true, it is clear from the record that the ALJ would be required to find plaintiff disabled for the period from March 16, 2001, through April 30, 2003. On remand, plaintiff is therefore entitled to a closed period of disability from March 16, 2001, through April 30, 2003. See Benecke v. Barnhart, 379 F.3d 587, 593-94 (9th Cir. 2004). On remand, the ALJ shall reconsider whether plaintiff was disabled after April 30, 2003, and issue a new decision that addresses Dr. Beals's opinion. Of course

///


///


4 - ORDER

the ALJ may further develop the record as she deems necessary to determine this issue.

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed. This matter is remanded to the Commissioner for further administrative proceedings.

IT IS SO ORDERED.

DATED this __19th__ day of August, 2006.

                                    _s/ Michael R. Hogan_
                                    United States District Judge